# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LM INSURANCE CORPORATION**  **CIVIL ACTION**

**VERSUS**

**NO. 17-20-BAJ-RLB**

**SCOTT FOLSE, ET AL.**

## ORDER

Before the Court is non-party Hymel Davis & Petersen L.L.C.'s Motion to Quash Subpoena or for Protective Order (R. Doc. 21) filed on July 13, 2017. The motion seeks an order quashing a subpoena issued on June 23, 2017 by Plaintiff's counsel and requiring compliance in New Orleans, Louisiana on or before July 14, 2017, or the issuance of a protective order limiting the scope of discovery to exclude the information sought in the subpoena from the scope of discovery.

Rule 45 provides "the court for the district where compliance is required" the authority to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3)(A); *see also* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). Because compliance for the subpoena is sought in New Orleans, the U.S. District Court for the Eastern District of Louisiana is the appropriate court to seek relief pursuant to Rule 45. Of course, any subpoena-related motion in that court could ultimately be transferred to this court, which is the court where the action is pending, particularly if the person subject to the subpoena consents. *See* Fed. R. Civ. P. 45(f).

While the relief sought pursuant to Rule 45 is not appropriately before this Court, the Court will consider the motion on the merits because it seeks a protective order pursuant to Rule

26(c)(1). Rule 26(c)(1) provides that "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The relief sought pursuant to Rule 26(c)(1) is properly before this Court.

On July 5, 2017, Plaintiff filed a motion to compel seeking an order compelling the defendants to provide some, if not all, of the same information sought pursuant to the subpoena. (R. Doc. 18). Any opposition to that motion is due on or before July 26, 2017. *See* LR 7(f). Furthermore, non-expert discovery is set to close on August 31, 2017. (R. Doc. 13). Accordingly, considering the deadlines in this action and for efficient adjudication of the issues raised in the instant motion, the Court finds good cause pursuant to Local Rule 7(f) to require the parties to this action to file any response in opposition or support of the instant motion on or before July 26, 2017.

Finally, given that Hymel Davis & Petersen L.L.C.'s deadline to comply with the instant subpoena is July 14, 2017, the Court will stay any obligations to respond to the subpoena until the instant motion is resolved on the merits.

Based on the foregoing,

**IT IS ORDERED** that the parties must file any response in opposition or support of the instant motion on or before **July 26, 2017**.

**IT IS FURTHER ORDERED** that any obligations Hymel Davis & Petersen L.L.C. may have to respond to the instant subpoena are **STAYED** until resolution of the instant Motion.

Signed in Baton Rouge, Louisiana, on July 13, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**