UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LM INSURANCE CORPORATION**                         **CIVIL ACTION**

**VERSUS**

**SCOTT FOLSE, ET AL.**                                          **NO. 17-20-BAJ-RLB**

## ORDER

Before the Court is LM Insurance Corporation and Liberty Mutual Fire Insurance Company's (collectively, "Liberty") Motion to Compel DMI to Comply with Court Order Concerning Production of Settlement Agreement and Related Documents. (R. Doc. 31). The motion is opposed. (R. Doc. 34). Liberty has filed a Reply. (R. Doc. 37-2).

On August 23, 2017, the Court granted, in part, Liberty's Motion to Compel DMI to Produce Settlement Agreement and Related Documents (R. Doc. 18), and ordered the following:

> The parties shall meet-and-confer within **7 days** of the date of this Order regarding the entry of a non-sharing confidentiality agreement and/or a motion for leave for entry of a protective order regarding the information to be produced in response to Request for Production Nos. 1 and 6. DMI shall produce all documents in its possession, custody, or control responsive to Request for Production Nos. 1 and 6 within **7 days** of execution of the entry of a protective order by the Court governing the exchange of confidential information in this action.

(R. Doc. 30 at 11). The referenced requests for production seek "The final executed settlement agreement between [DMI] and Powko Industries, Inc." and "All documents related to any payment by [DMI] of any amount to Powko Industries, LLC or its members in connection with the settlement of the State and Federal Lawsuits." (R. Doc. 30 at 7).

Liberty filed the instant motion on October 6, 2017. (R. Doc. 31). Liberty argues that DMI has violated the Court's August 23, 2017 Order because "DMI will neither confer concerning a protective order, despite LMIC's requests, nor produce the documents" ordered to

be produced. (R. Doc. 31 at 1). In support of its motion, Liberty submits correspondence indicating that DMI's counsel sent a draft protective order to Liberty's counsel on August 29, 2017; Liberty's counsel suggested revisions to the draft protective order on September 8, 2017; DMI's counsel represented that she would review the draft protective order "before the end of the day" on September 14, 2017; Liberty's counsel inquired about the status of the protective order on September 19, 2017; and, on September 26, 2017, Liberty's counsel informed DMI's counsel that Liberty would file the instant motion and seek sanctions if it did not receive a response regarding the protective order the following day. (R. Doc. 31-2 at 3-4; *see* R. Doc. 32-3 at 3-5).

In opposition, DMI argues that its counsel "made best efforts to comply with the Court's August 23 Order." (R. Doc. 34 at 7). In support of this position, DMI submits additional e-mail correspondence between counsel to underscore the efforts taken, including an August 24, 2017 email from DMI's counsel setting up the initial conference regarding the protective order, as well as a representation that DMI's counsel reviewed the redline changes to the proposed protective order provided by Liberty's counsel on September 14, 2017. (R. Doc. 34 at 2-6). DMI also represents that counsel for the parties conferred by phone on August 29, 2017 regarding the protective order. (R. Doc. 34 at 3). Finally, DMI argues that it is not in violation of the Court's August 23, 2017 Order because its duty to produce the documents discussed in the Order is not triggered until the entry of a protective order. (R. Doc. 34 at 2).

On October 18, 2017, the parties filed a Joint Stipulation of Confidentiality and Agreed Protective Order. (R. Doc. 35).

On October 20, 2017, the Court granted the foregoing motion, and entered a protective order governing the exchange of confidential information in this action. (R. Doc. 36).

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions

against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A).  Instead of or in addition to sanctions permitted under Rule 37(b)(2)(A)(i)-(vii), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Having reviewed the record, including the correspondence between the parties, the Court finds that the instant motion should be denied.  As required by the Court's August 23, 2017 Order, the parties held a telephone conference regarding the entry of a protective order governing confidentiality within seven days of the date of the Court's Order.  Liberty did not provide its suggested revisions to DMI's proposed protective order until September 8, 2017.  While both parties could have been more diligent in negotiating the terms of a proposed protective order, the record does not support a finding that either party violated the Court's August 23, 2017 Order.

Based on the foregoing,

**IT IS ORDERED** that Liberty's Motion to Compel DMI to Comply with Court Order Concerning Production of Settlement Agreement and Related Documents (R. Doc. 31) is **DENIED**.  The parties shall bear their own costs.  As required by the August 23, 2017 Order, DMI shall produce all documents in its possession, custody, or control responsive to Liberty's Request for Production Nos 1 and 6 on or before **October 27, 2017**.

Signed in Baton Rouge, Louisiana, on October 25, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**